IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS MUHAMMAD | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al., | : | NO. 11-7666 |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Somerset, in Somerset, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.    PROCEDURAL HISTORY

      On September 11, 1991, following a jury trial before the Honorable Mark I. Bernstein in the Court of Common Please of Philadelphia County, petitioner was convicted of possession of a controlled substance with intent to deliver, violating the Uniform Firearms Act, possessing an instrument of crime, and criminal conspiracy. Petitioner was sentenced to a total of eight to twenty-five years imprisonment.

      Petitioner filed a direct appeal to the Pennsylvania Superior Court, which affirmed petitioner's judgement of sentence on January 11, 1993. On November 10, 1993, petitioner's petition for allowance of appeal to the Pennsylvania Supreme Court was denied. Petitioner did

not file an appeal with the United States Supreme Court.

On July 30, 1996, petitioner filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq.  Counsel was appointed and filed an amended petition on December 20, 1996.  Petitioner's PCRA petition was denied by the PCRA court on October 24, 1997.   The Pennsylvania Superior Court affirmed the PCRA court's dismissal on February 22, 1999.  Commonwealth v. Muhammad, 737 A.2d 809 (Pa. Super. 1999).  On July 22, 1999, the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal. Commonwealth v. Muhammad, 740 A.2d 231 (Pa. 1999).

On November 23, 2011, petitioner filed the instant *pro se* petition for Writ of Habeas Corpus, raising the following claims:

> (1) Assignment of Error- specification, in appellate papers, of a ruling by the court below that the appellant contends was improper and requires reversal;
>
> (2) Newly discovered evidence of claim 1; and
>
> (3) Legal remedy or relief traditionally available in the law courts (rather then the equity courts), most common of which is damages.

Respondent asserts that this petition is time barred and must be dismissed, as petitioner is not entitled to habeas review or relief.  We agree.

II. TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness.  A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq.*, which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

enacted in April 24, 1996.  Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

This statute also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes.  Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner's conviction became final on February 8, 1994, ninety days after the Pennsylvania Supreme Court denied petitioner's allowance of appeal.  The

AEDPA's limitations period allows petitioner's a one-year "grace period" following the April 24, 1996 enaction date, during which to initiate habeas proceedings, regardless of the date on which final review concluded, if a petitioner's conviction became final before April 24, 1996.  The habeas corpus limitation period began to run on April 24, 1996, when AEDPA was enacted.  Thus, petitioner normally would have had until April 23, 1997 to file a petition for Writ of Habeas Corpus under the AEDPA.

The statute of limitations was tolled on July 30, 1996, after approximately three months of the statute of limitations had run, when petitioner filed an application for post-conviction relief.  The statute of limitations began to run again on July 22, 1999, when the Pennsylvania Supreme Court opted not to review petitioner's PCRA appeal.  See Stokes v. District Attorney of County of Phila., 247 F.3d 539, 543 (3rd Cir. 2001) (holding that the ninety day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year limitation period set forth in 28 U.S.C. § 2244(d)(2)).  Petitioner then had approximately nine months, or until April 2000, remaining to file a timely petition for writ of habeas corpus.

The instant habeas petition was not filed until November 23, 2011, approximately eleven years after the deadline to file a timely habeas petition had run, leaving this court with no choice but to dismiss the request for relief as untimely without consideration on the merits.

One avenue of relief remains for petitioner.  The statute of limitations set forth in the AEDPA is subject to equitable tolling.  Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Id. (quotation omitted).  The

Third Circuit has set forth three circumstances permitting equitable tolling:  (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 323 (2001) (citing cases).  Petitioner has failed to argue that any valid circumstances exist to equitably toll the statute of limitations, and thus the habeas petition must be dismissed in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of January, 2012, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE